UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICKEY MANUEL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WESTERN STATE HOSPITAL,<br><br>　　　　Respondent. | CASE NO. C13-5832 RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>DECEMBER 6, 2013 |

　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner seeks relief from involuntary mental health commitment.  Thus, the petition is filed pursuant to 28 U.S.C. § 2241.

　　The Court recommends that this petition be dismissed without prejudice.  Petitioner is challenging the propriety of ongoing civil commitment proceedings that are taking place in Pierce County (ECF No. 7). The proceedings in Pierce County give petitioner a state forum to

1  raise the same concerns he attempts to raise in his current petition, which will give the state the
2  opportunity to address petitioner's concerns and to issue a reasoned opinion on the issues.

3  FACTS

4      Petitioner was arrested in King County Washington as a result of a physical altercation
5  with his neighbor (ECF No. 1-1, p. 9). Charges were dismissed and the Court ordered plaintiff
6  transferred to Western State Hospital for evaluation. Petitioner alleges that the charges were
7  dismissed March 1, 2013 (ECF No. 1-1, p. 9).

8      Respondents filed an action in Pierce County seeking involuntary commitment for
9  petitioner (ECF No. 1-1, p. 10). Petitioner alleges that there have been a number of improper
10  actions in his case including Western State Hospital's holding him without an order from the
11  time that his first criminal charges were dismissed until some time in June 2013, when the King
12  County District Court signed a 72-hour mental health evaluation order. Plaintiff also claims that
13  Western State Hospital failed to obtain an interim order allowing petitioner to be held after the
14  72-hour evaluation period ended (ECF No. 1-1, p. 10).

15      In petitioner's response to the Court's order to show cause, petitioner admits that he is not
16  being held pursuant to a King County Court order and that his appeal to King County Superior
17  Court is "moot." (ECF No. 7). Petitioner contends that he is being held pursuant to a Pierce
18  County Superior Court order and he alleges that the order was issued based on "perjury and
19  fraud." (ECF No. 7).

20      As the Court stated in its order to show cause, "[a] petitioner filing pursuant to 28 U.S.C.
21  § 2241 does not face the requirement to exhaust state remedies before filing as an inmate
22  pursuant to 28 U.S.C. § 2254. However, other courts have held that a court should abstain from

1  exercising jurisdiction if the issue could be addressed in state proceedings. *Farrell v. Ramsey*, 28
2  Fed. Appx. 751, 754 (10th Cir, 2001)."

3        The Court believes abstention is proper in this case. Making petitioner exhaust his issues
4  in state court will give the Federal District Court a reasoned opinion to review regarding
5  petitioner's claims. Further, making petitioner exhaust his issues in state court gives the state
6  courts the opportunity to correct any errors or grant relief without federal intervention.
7  Accordingly, the Court recommends that this petition be dismissed without prejudice and directs
8  petitioner to exhaust his issues through the state courts prior to filing another habeas petition.

9        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
10 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
11 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
12 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
13 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
14 December 6, 2013, as noted in the caption.

15       Dated this 6th day of November, 2013.

J. Richard Creatura
United States Magistrate Judge